UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| STEVEN F. MORRIS, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | 5:06-CV-2089-LSC |
| | ] | |
| MICHAEL J. ASTRUE, | ] | |
| Commissioner, | ] | |
| Social Security Administration, | ] | |
| | ] | |
| Defendant. | ] | |

MEMORANDUM OF OPINION

I.   Introduction.

Plaintiff, Steven F. Morris, appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI"). Mr. Morris has timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Plaintiff was fifty-two years old at the time of the Administrative Law Judge's ("ALJ's") decision, and he has a seventh grade education. Tr. at 19. His past work experience includes employment as a tire repairer,

construction block cutter, and tree trimmer.  *Id.*  Plaintiff claims that he became disabled on January 1, 1997, due to a broken neck, back problems, left hand problems, and heart attacks.  *Id.*

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process.  *See* 20 C.F.R. § 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  The first step requires a determination of whether the claimant is "doing substantial gainful activity."  20 C.F.R. § 416.920(a)(4)(I).  If he or she is, the claimant is not disabled and the evaluation stops.  *Id.*  If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined.  20 C.F.R. § 416.920(a)(4)(ii).  These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled.  *Id.*  The decision depends on the medical evidence in the record.  *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971).  If the claimant's impairments are not severe, the analysis stops.  20 C.F.R. § 416.920(a)(4)(ii).  Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R.

pt. 404, subpt. P, Appendix 1.  20 C.F.R. § 416.920(a)(4)(iii).  If the claimant's impairments fall within this category, he or she will be found disabled without further consideration.  *Id.*  If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step.  20 C.F.R. § 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work.  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops.  *Id.*  If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step.  *Id.*  Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work.  20 C.F.R. § 416.920(a)(4)(v).  If the claimant can do other work, the claimant is not disabled.  *Id.*

Applying the sequential evaluation process, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since the alleged onset of his disability.  Tr. at 26.  According to the ALJ, Plaintiff's "status

post fracture and surgical arthrodesis of the left wrist, osteoarthritis of the lumbar spine, status post concussion, status post C1 fracture, dysthymia, borderline intellectual functioning, and substance abuse together are impairments which are considered 'severe' based on the requirements set forth in the Regulations." *Id.* at 27.  However, he found that these impairments neither meet nor medically equal any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.  *Id*.  The ALJ did not find Plaintiff's allegations to be totally credible, and he determined that Plaintiff has the following residual functional capacity:

> the claimant can sustain an eight hour workday, with moderate or less pain, and he would require a sit/stand option and lift and carry with his right hand and use his left hand to guide and assist.  In terms of his academic ability and mental functioning, the ALJ determined that Plaintiff would be functioning at the borderline intellectual level and he would be functionally literate.  Plaintiff's ability to respond to the mental demands of work would be as follows: could understand, remember, and carry out short and simple instructions, but not detailed instructions, could attend to simple tasks for two hours at a time over an eight hour day, contact with public should be casual, changes in the work setting need to be gradual and infrequent, and he could make short range plans, but would need help with long range planning.

*Id*.

According to the ALJ, Plaintiff is unable to perform any of his past relevant work, he is an "individual closely approaching advanced age," and he has a "limited education," as those terms are defined by the regulations. *Id*. The ALJ determined that Plaintiff has "no transferable skills from any past relevant work." *Id*. The ALJ further held that Plaintiff has the residual functional capacity to perform a wide range of light work. *Id*. Even though he determined that Plaintiff cannot perform the full range of light work, the ALJ used Medical-Vocation Rule 202.11 as the framework for finding that there are a significant number of jobs in the national economy that he is capable of performing, such as inspector, laminator, and line attendant. *Id*. The ALJ concluded his findings by stating that Plaintiff "was not under a 'disability,' as defined in the Social Security Act, at any time through the date of this decision." *Id*.

II.   Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal

standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400.

No decision is automatic, however, for "despite this deferential standard [for review of the claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision

reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987).  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.   Discussion.

Mr. Morris alleges that the ALJ's decision should be reversed or remanded on grounds that it is not supported by substantial evidence for three reasons.  (Doc. 7.)  First, Plaintiff argues that the ALJ's finding that Plaintiff was a "mechanic" rather than a "mechanic's helper" is not supported by the evidence in the record.  *Id*.  Second, Plaintiff claims that the ALJ erred in finding that Plaintiff could perform a wide range of light work.  *Id*. at 15.  Finally, Plaintiff argues that the ALJ failed to consider his non-exertional limitations and applied the grid rules in a manner contrary to the regulations.  *Id*. at 15-17.

  A.   Substantial Evidence to Support that Plaintiff's Past Relevant Work Includes Employment as an Automobile  Mechanic.

Plaintiff alleges that it is unlikely that he actually did work as a true mechanic because he did not have any training to be a mechanic, he worked for his brother for only seven months, he is illiterate, and has only a

marginal education. *Id.* at 14. Instead, Plaintiff contends that the record supports a finding that his past relevant employment was as a "mechanic's helper" rather than a "mechanic."[1]

The Eleventh Circuit has held that while the ALJ has a basic duty to develop a full and fair record, "the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). It is the ALJ's duty to weigh the evidence and make findings of fact. *See Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986); *Powers v. Heckler*, 738 F.2d 1151, 1152 (11th Cir. 1984) (citing *Richardson v. Perales*, 402 U.S. at 389-403 (1971)).

Based on the Court's review of the record, Plaintiff's argument is without merit. Throughout the record, Plaintiff repeatedly represented that he had prior work experience as an automobile mechanic. *See* Tr. at 70, 80, 111-12, 118-19, 128, 143. Further, Plaintiff reported that he "performed

---

[1] The importance of this distinction, as pointed out by Plaintiff, is tremendous. Plaintiff argues that if the ALJ determined he was a "mechanic's helper" rather than a "mechanic," then a finding of disabled would be mandated under Grid Rule 202.09, even if the ALJ was correct in concluding that Plaintiff could perform a wide range of light work.

general mechanic duties - changed oil, balanced tires, repaired flats - general auto maintenance." *Id.* at 119.  At the hearing, Plaintiff not only testified that he worked as a mechanic for his brother doing "minor mechanic work," but he also testified that he had worked for Bumper to Bumper doing "just about everything." *Id.* at 703-04.  Lastly, Plaintiff's representative did not challenge the testimony of the vocational expert at the administrative hearing that Plaintiff previously performed skilled work as a mechanic.  *Id.* at 703-18.  There is substantial evidence to support the ALJ's determination that Plaintiff's past work history included employment as an automobile mechanic.

    B.    Substantial Evidence to Support the ALJ's Finding that Plaintiff Can Perform a Wide Range of Light Work.

Plaintiff asserts "that there is nothing [in the record] that indicates that he could perform a wide range of light work."  (Doc. 7 at 15.)

The Eleventh Circuit has held that a court may reverse a final decision when it is convinced that it is not supported by substantial evidence or that proper legal standards were not applied.  *Wolfe v. Chater*, 86 F. 3d 1072, 1076 (11th Cir. 1996); *Foote v. Chater*, 67 F. 3d 1553, 1560 (11th Cir. 1995);

*Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991).  Substantial evidence is defined as "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).  It is more than a scintilla, but less than a preponderance.  *Lucas v. Sullivan*, 918 F.2d 1567, 1571 (11th Cir. 1990); *Cannon v. Bowen*, 858 F.2d 1541, 1544 (11th Cir. 1988).

20 C.F.R. § 404.1567 defines light work, as follows:

(b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567.

In reaching his conclusions regarding Plaintiff's residual functional capacity, the ALJ evaluated the evidence in the record and concluded that Plaintiff could perform a wide range of light work.  Tr. at 26-27.  This

determination is consistent with the report from Dr. Sparks, an examining orthopedist, who determined that Plaintiff could perform work-related activities such as sitting, standing, walking, hearing and speaking, but would have difficulty with the left hand lifting, carrying, and handling objects. Tr. at 27, 498-99. The ALJ noted that Plaintiff had received conservative emergency room treatment for his complaints of back pain. *Id*. at 20-25. While x-rays of the cervical spine revealed degenerative disc narrowing at C5-6, an MRI of the lumbar spine revealed no disc herniation and only mild disc bulging at L3-4 and L4-5, and nerve conduction studies were negative for neuropathy. *Id*. at 485, 487, 660. At the time of the administrative hearing, Plaintiff testified that he was only taking Dilantin and over-the-counter Aleve. *Id*. at 696-97. Also, none of the treating or examining physicians opined that Plaintiff was disabled. *See* 20 C.F.R. § 416.927(d) (2006). Additionally, the evidence also suggests that Plaintiff participated in some activities, loading steel in March of 2004 and welding in June 2004, that undermine his allegations of total disability. *Id*. at 602, 615, 618, 624. Thus, the ALJ evaluated the evidence on the record and concluded that Plaintiff could perform a wide range of light work.

In reaching this conclusion, the ALJ also considered Plaintiff's testimony, and gave specific reasons for determining that he was not totally credible.  *See* 20 C.F.R. § 416.929 (2006).

Regarding Plaintiff's left wrist fusion, the ALJ noted that while "the claimant has some pain and limitations . . . [it is] not to the extent he has alleged."  *Id.* at 23.  In reaching this conclusion, the ALJ analyzed clinical findings from April 2000, which revealed a complete fusion and nerve conduction.  However, velocity findings from October 2002, revealed no evidence of neuropathy involving the upper extremities.  *Id.*  In October 2002, Dr. O'Brien did not recommend any further surgery and Plaintiff has not sought any further surgical correction for this impairment.  *Id.*  The ALJ also noted that while Dr. Sparks indicated in January 2003, that Plaintiff did not have normal dexterity in his left hand, he also determined that the right hand was normal and fully functional.  *Id.*

In his analysis of Plaintiff's allegation of neck pain, the ALJ highlighted clinical findings in January 2002, which indicated only degenerative disc narrowing at C5-6.  *Id.* at 24.  The ALJ also noted that in January 2003, Plaintiff admitted that he had not sought any recent treatment for his neck

pain, and an examination revealed he had full active and passive range of motion in both shoulders. *Id*. Also, similar to the left wrist pain, the ALJ discussed that Plaintiff has not undergone any surgical intervention for the pain. *Id*.

Furthermore, despite Plaintiff's testimony that he had chronic neck and back pain, which he described as being 8 to 9 on a scale of 1 to 10, the ALJ noted that he was not currently taking any prescription medications to manage his pain levels. *Id*. Plaintiff also admitted that he is able to care for his two pet snakes, take care of his personal needs, go shopping, and drive an automobile. *Id*.

Based on this Court's review of the record, there is substantial medical evidence related to Plaintiff's physical condition to support the ALJ's determination that Plaintiff is able to perform a wide range of light work.

C.   Consideration of Non-Exertional Limitations.

Plaintiff argues that the ALJ failed to properly consider his non-exertional limitations in determining that he was disabled. Specifically, Plaintiff alleges that "[r]eliance on the grids is inappropriate when a claimant has non-exertional impairments, such as pain, that significantly

restricts the ability to do basic work activities." (Doc. 7 at 15-17.)

The ALJ has the obligation to develop a full and fair record regarding the vocational opportunities available to a claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989); *Welch v. Bowen*, 854 F.2d 436, 440 (11th Cir. 1988). This burden may sometimes be met through exclusive reliance on the grids. However, "exclusive reliance on the grids is not appropriate either when the claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills." *Walker v. Bowen*, 826 F.2d 996, 1002-03 (11th Cir. 1987) (quoting *Francis v. Heckler*, 749 F.2d 1562, 1566 (11th Cir. 1985). Pain is a non-exertional impairment. *Walker*, 826 F.2d at 1003. Normally, when non-exertional limitations are alleged, "the preferred method of demonstrating that the claimant can perform specific work is through the testimony of a vocational expert." *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986).

Plaintiff's argument is without merit because the ALJ relied on vocational expert ("VE") testimony which established that Plaintiff could perform alternate work. Tr. at 26-27. The ALJ posed a hypothetical

question to the VE in order to determine the possibility of Plaintiff finding alternative work. The ALJ asked the VE to consider an individual with Plaintiff's relevant vocational characteristics with the ability to perform light work with additional restrictions including: borderline intelligence and functional illiteracy; a moderate or less level of pain; lifting and carrying up to 20 pounds occasionally with the right hand, using the left hand only to guide and assist; a sit/stand option; only occasional pushing and pulling motions with the left hand and arm, and no fine finger movements with the left hand; no work at unprotected heights; an ability to understand, remember, and carry out short and simple instructions; the ability to attend to simple tasks for two hours at a time; casual contact with the public; and gradual, infrequent changes in the work setting. *Id*. at 151, 713-14. In response to the ALJ's hypothetical, the VE indicated that such an individual could perform work at the light level as an inspector, laminator, and/or line attendant. *Id*. at 714-15. The VE also testified that approximately 2,600 of these jobs exist in the state of Alabama. *Id*. Therefore, the VE established that there were a significant number of jobs that a person with the limits identified by the ALJ could perform. *See Welch v. Bowen*, 854 F.2d 436,

440 (11th Cir. 1986); *McSwain v. Bowen,* 814 F.2d 617, 619-20 (11th Cir. 1986). Thus, the ALJ properly determined that Plaintiff was not disabled pursuant to 20 C.F.R. § 416.920(g) (2006).

IV. Conclusion.

Upon review of the administrative record, and considering all of Mr. Morris's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this 5th day of February 2008.

                                                     _____
                                                     L. SCOTT COOGLER
                                                     UNITED STATES DISTRICT JUDGE
                                                                                           153671